Jonathan C. Sandler (SBN 227532)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone:  (310) 500-4600
Facsimile:   (310) 500-4602
E-mail: jsandler@bhfs.com

Evan M. Rothstein
Patrick B. Hall
(*Pro Hac Vice applications to be filed*)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone:  (303) 223-1100
Facsimile:   (303) 223-1111
E-mail: erothstein@bhfs.com, phall@bhfs.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TARTE, INC., | Case No.  2:17-cv-7362 |
| Plaintiff, | |
| v. | COMPLAINT |
| CARMEN TUNIS, | |
| Defendant. | |

Tarte, Inc. ("Plaintiff"), by way of its Complaint against Defendant Carmen Tunis ("Defendant"), alleges as follows.

///

///

///

///

///

1

# INTRODUCTION

1. This is a civil action for damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, and under California law. Plaintiff has used the mark TARTE in connection with cosmetics since at least as early as June 26, 2000 (the "TARTE Mark"), and uses the TARTE Mark and TARTE-formative marks (together, the "TARTE Marks") in connection with wide variety of bath and body products, skin care products, cosmetic products, nail products, and related retail store services. Plaintiff owns eleven federal trademark registrations for the TARTE Marks and seven pending U.S. trademark applications, which have been allowed by the U.S. Patent and Trademark Office. In violation of federal and state law, Defendant has adopted an infringing name and mark SOAP TART for soap, and has deliberately continued using the mark despite having notice of Plaintiffs' rights in the TARTE Marks.

2. As a result of Defendant's willful, wrongful, and unlawful conduct, Plaintiff seeks an injunction, damages and other monetary relief against Defendant, including but not limited to treble damages, attorney's fees, costs and pre- and post-judgment interest.

# THE PARTIES

3. Plaintiff is a corporation organized under the laws of the State of New York with a principal place of business located at 1375 Broadway, Suite 800, New York, New York 10018.

4. Upon information and belief, Defendant is an individual who resides in Long Beach, California, and who owns and operates a sole proprietorship in California under the name "SOAP TART."

# JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

1  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant
2  to 28 U.S.C. § 1367 and 28 U.S.C. § 1338.

3        6.    This Court has general personal jurisdiction over Defendant because
4  Defendant is a resident of Long Beach, California.  The Court also has specific
5  personal jurisdiction over Defendant because she conducts regular, continuous and
6  systematic business activities in California and Plaintiff's claims arise from those
7  activities.  Because of her extensive contacts with the state, the exercise of personal
8  jurisdiction over Plaintiff would not offend traditional notions of fair play and
9  substantial justice.

10        7.    Venue is proper in the United States District Court for the Central
11  District of California under 28 U.S.C. § 1391 because Defendant is subject to
12  personal jurisdiction in this District and has infringed Plaintiff's trademarks in this
13  District.

14  **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**
15  **Plaintiff's Business and Its Right in the TARTE Marks**

16        8.    Tarte is a successful cosmetics company based in New York.  Founded
17  in 1999, Tarte is a leader in healthy, eco-chic beauty, offering cosmetics infused
18  with naturally derived ingredients.  Tarte prides itself on selling products that are
19  formulated without parabens, mineral oils, phthalates, triclosan, sodium lauryl
20  sulfate, or gluten.

21        9.    Since at least as early as June 26, 2000, Tarte has continuously
22  marketed and sold a variety of cosmetic and beauty products under the house mark
23  TARTE.  In particular, Tarte offers and sells soaps (cleansing gel and exfoliating
24  cleanser), moisturizer, eye and neck treatment and facial masks under the TARTE
25  Mark.

26        10.    In addition to the TARTE house mark, many of Tarte's cosmetic and
27  beauty products are also sold under product marks that contain the term TARTE
28  (*i.e.*, TARTE-formative marks).

11. Tarte sells its products under the TARTE Marks at hundreds of Sephora and Ulta retail locations and their online counterparts, on the QVC shopping network and its online counterpart, and through Tarte's own online retail website located at www.tarte.com.

12. Tarte has spent considerable time and expense building its brand and in developing goodwill in the TARTE Marks and considers the TARTE Marks to be an extremely valuable asset. Tarte has also engaged in significant advertising and promotion of its products under the TARTE Marks.

13. Because of Tarte's longstanding use and promotion of the TARTE Marks, the marks are recognized and associated by relevant consumers as identifying Tarte's products and services and distinguishing them from others.

14. In addition to its common law rights in the TARTE Marks, Tarte owns the following federal trademark registrations and allowed applications for the TARTE Mark with the United States Patent and Trademark Office (copies of which are attached as **Exhibit A**) covering wide variety of bath and body products, skin care products, cosmetic products, nail products, and related retail store services:

- TARTE, U.S. Reg. No. 2742879
- SWEET TARTE, U.S. Reg. No. 3659098
- TARTE HIGH-PERFORMANCE NATURALS, U.S. Reg. No. 4076022
- TARTE 12-HOUR POWER, U.S. Reg. No. 4293115
- TARTE GLAMAZON, U.S. Reg. No. 4307839
- TARTE SWATCH STATION, U.S. Reg. No. 4340004
- TARTE, U.S. Reg. No. 4574715
- TARTELETTE, U.S. Reg. No. 4876102
- TARTE HIGH-PERFORMANCE NATURALS, U.S. Reg. No. 4968945
- TARTEGUARD, U.S. Reg. No. 5052604
- TARTE HIGH-PERFORMANCE NATURALS, U.S. Reg. No. 5066659
- TARTE, U.S. App. No. 86015121

- TARTE HIGH-PERFORMANCE NATURALS, U.S. App. No. 86135436
- LIVE TARTEFULLY, U.S. App. No. 87058576
- TARTE, U.S. App. No. 86502325
- TARTE HIGH-PERFORMANCE NATURALS, U.S. App. No. 87543968
- TARTEGUARD, U.S. App. No. 86724097
- TARTEIST, U.S. App. No. 86765036
- TARTELETTE, U.S. App. No. 86280029

15. Tarte's registrations for TARTE are valid and subsisting in full force and effect.

16. Furthermore, U.S. Registration No. 2742879 for the mark TARTE and U.S. Registration No. 4076022 for the mark TARTE HIGH-PERFORMANCE NATURALS have become incontestable pursuant to 15 U.S.C. § 1065.

17. Notices of Allowance have issued for each of the pending applications listed above.

18. By virtue of Tarte's extensive sales, long time use, and marketing, promotion and advertising of its products in connection with the TARTE Marks, Tarte has developed a family of TARTE Marks which are recognized by consumers as coming from a single source, namely Plaintiff, which are entitled to broad protection

**Defendant's Use of an Infringing Mark and Unfair Competition**

19. Defendant is the owner of a sole proprietorship called SOAP TART.

20. Since approximately 2009, Defendant has marketed, advertised, and sold soaps under the mark SOAP TART (the "Infringing Mark").

21. Defendant sells and markets her soaps under the Infringing Mark through the website www.soaptart.com. She also sells soaps under the Infringing Mark at brick-and-mortar stores and festivals in California. Defendant markets her soaps under the Infringing Mark through a Facebook page, as well.

22. Defendant touts the products sold under the Infringing Mark as

containing 100% natural and organic ingredients with pure essential oils to create a healthy soap. Some of her soaps are sold in an "eco-friendly" gift box.

23. Defendant is the owner of a federal registration for the SOAP TART (and Design) Mark (U.S. Reg. No. 3,876,674).

24. The dominant portion of the Infringing Mark consists of the word "Tart," which is phonetically identical to Tarte's TARTE Mark, is nearly identical in terms of appearance, and is the equivalent of the TARTE Mark. Defendant's use of the term "soap" as a prefix and incorporation of a design element does not obviate the likelihood of confusion with the TARTE Marks, particularly because Tarte commonly uses TARTE-formative marks including the term "TARTE."

25. The products that Defendant offers under the Infringing Mark are identical or highly related to the goods and services offered under the TARTE Marks, which are covered by Tarte's federal registrations and allowed applications.

26. Defendant markets and sells her products under the Infringing Mark to the same class and types of consumers, especially to the extent Defendant, like Plaintiff, emphasizes her products' healthy ingredients and other "eco-friendly" aspects.

27. Defendant's use of the Infringing Mark is likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of her products. This confusion is likely to damage Tarte's goodwill and business reputation.

28. Upon information and belief, Defendant began using the Infringing Mark in 2009 – nine years after Tarte began using its TARTE Mark in commerce.

29. Plaintiff has never authorized Defendant to use the TARTE Marks or the Infringing Mark, and Defendant adopted the Infringing Mark without Plaintiff's consent.

30. On October 16, 2015, Plaintiff, through its attorney, sent Defendant a cease and desist letter regarding the TARTE Marks, alerting Defendant of Tarte's

trademark rights in the TARTE Marks, and requesting that Defendant cease any and all use of the Infringing Mark, among other things. Defendant refused to comply with Plaintiff's demands.

31. Accordingly, on December 29, 2016, Plaintiff filed a Complaint in the Unites States District Court for the Southern District of New York claiming trademark infringement, unfair competition, and trademark dilution based on Defendant's use of the Infringing Mark (the "New York Action"). Plaintiff alleged, and had a good faith and reasonable belief, that the New York court had personal jurisdiction over Defendant.

32. Defendant filed a Motion to Dismiss the New York Action for lack of personal jurisdiction on September 5, 2017, attaching a declaration swearing to certain facts intended to contradict Plaintiff's personal jurisdiction allegations.

33. Rather than spending further time and resources on preliminary procedural issues in a case that had been pending for almost nine months, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice in the New York Action on September 26, 2017, with the intent of filing the present Complaint with this Court, which has personal jurisdiction over the Defendant as described above.

## COUNT ONE
## Federal Trademark Infringement – 15 U.S.C. § 1114(1)

34. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs of this Complaint.

35. As alleged more fully herein, the United States Patent and Trademark Office has granted Tarte federal trademark registrations for the TARTE Marks.

36. By her unauthorized use of the Infringing Mark, Defendant intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorful imitations of the TARTE Marks in connection with the sale, offering for sale, distribution or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an

affiliation, sponsorship, connection or association with Plaintiff.

37. Defendant's use of the Infringing Mark constitutes trademark use, is not merely descriptive, and has created a likelihood of confusion among consumers who will falsely believe that Defendant is associated with Plaintiff or that Plaintiff has sponsored or otherwise approved of Defendant's use of the Infringing Mark in relation to her goods and services or commercial activities.

38. Defendant's continued and knowing use of the Infringing Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

40. In addition to monetary damages, Plaintiff is entitled to permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in the TARTE Marks as it has no adequate remedy at law for the above immediate and continuing harm.

## COUNT TWO

**Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)**

41. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

42. Defendant's use of the Infringing Mark in the manner alleged herein constitutes false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, or approval of Defendant's commercial activities with respect to the TARTE Marks.

43. The purchasing public is likely to attribute to Plaintiff the Defendant's use of the Infringing Mark as a source of origin, authorization, and/or sponsorship

for the products Defendant sells and, further, purchase products from Defendant in the erroneous belief that Defendant is authorized by, associated with, sponsored by, or affiliated with Plaintiff, when Defendant is not

44. Defendant's use of the Infringing Mark constitutes intentional conduct by Defendant to make false designations of origin and false deceptions about Defendant's goods and services and commercial activities in violation of 15 U.S.C. § 1125(a).

45. Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that the goods and services Defendant offers in connection with the Infringing Mark are produced by, or affiliated or associated with, Plaintiff, when in fact they are not.

46. Upon information and belief, Defendant has acted knowingly, deliberately, and willfully with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade on Plaintiff's high quality reputation, and to improperly appropriate to herself the valuable trademark rights of Plaintiff.

47. Defendant's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendant has directed her marketing activities in California and elsewhere. Defendant's actions are material in that they are likely to influence consumers to purchase products from Defendant and cause competitive and other commercial injuries to Plaintiff.

48. Because she has had notice of Plaintiff's rights in the TARTE Mark yet has continued using the Infringing Mark, Defendant's conduct is willful, wanton, and egregious.

49. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

50. In addition to monetary damages, Plaintiff is entitled to permanent

injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in the TARTE Marks.

## COUNT THREE

### Common Law Trademark Infringement

51. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

52. Defendant's conduct alleged above constitutes trademark infringement in violation of the common law of the state of California.

53. Defendant's acts have injured, and will continue to injure Plaintiff by, among other things, siphoning customers, confusing customers, and injuring Tarte's reputation.

54. Defendant's use of the Infringing Mark unfairly trades off the goodwill of Plaintiff's TARTE Marks, and deceived and continues to deceive consumers regarding the origin of goods and services offered by Defendant.

55. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

56. In addition to monetary damages, Plaintiff is entitled to permanent injunctive relief preventing Defendant's continued infringement of Plaintiff's rights in the TARTE Mark.

## COUNT FOUR

### Unfair Competition (Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*)

57. Plaintiff repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

58. Defendant is a competitor of Plaintiff in the fields of soaps, bath and body products, skin care products, and naturally derived beauty products.

59. Plaintiff has not consented to Defendant's use of the Infringing Mark.

60. By placing an equivalent of Plaintiff's TARTE Marks in a prominent

1 position on her own products, Defendant has engaged in deceptive or fraudulent
2 conduct.

3     61.    Defendant's deceptive and misleading use of an equivalent of
4 Plaintiff's TARTE Marks to promote, sell and market her own products is likely to
5 cause consumer confusion as to the source, sponsorship or affiliation of
6 Defendant's products and services.

7     62.    Defendant has traded unfairly upon Plaintiff's goodwill and reputation
8 and continues to do so.

9     63.    Defendant's conduct constitutes unfair competition under California
10 Business and Professions Code § 17200, et seq., and California state law.

11     64.    Defendant's deceptive and misleading use of an equivalent of
12 Plaintiff's TARTE Marks has caused and is causing severe irreparable harm to
13 Plaintiff including loss of goodwill, loss and/or diminution of competitive position
14 in the marketplace and or the ability to compete in the market, loss of ability to
15 provide unique products, loss of reputation, loss of current and future customer
16 relations, and loss of profits for which there is no adequate remedy at law or ability
17 to collect damages. As such, and pursuant to the law of equity, Plaintiff is entitled
18 to immediate injunctive relief to prevent further tortious acts.

19     65.    In the alternative, Defendant's deceptive and misleading use of an
20 equivalent of Plaintiff's TARTE Marks has cause damages to Plaintiff in an amount
21 to be proven at trial.

## COUNT FIVE

**Cancellation of Registration Pursuant to 15 U.S.C. § 1119, 1063(a) and 1064**

24     66.    Plaintiff repeats and incorporates the allegations of the foregoing
25 paragraphs of this Complaint.

26     67.    Plaintiff seeks a determination from the Court that Defendant's
27 registration obtained for the Infringing Mark shall be cancelled.

28     68.    Defendant's Infringing Mark is confusingly similar to Plaintiff's

TARTE Marks, and continued use and registration of the Infringing Mark is likely to create confusion among consumers, who will falsely believe that Defendant is associated with Plaintiff or that Plaintiff has sponsored or approved of Defendant's goods, services or commercial activities.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendant granting the following relief:

1. That the Court find that Defendant is infringing the TARTE Marks and corresponding federal registrations, is competing unfairly with Plaintiff, and otherwise has been unjustly enriched.

2. A permanent injunction prohibiting Defendant, Defendant's officers, agents, servants, employees, and all persons acting in concert or participation with Defendant, from using the Infringing Mark or confusingly similar variations thereof or any other marks that infringe the TARTE Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags).

3. A final order and permanent injunction directing cancellation of Defendant's Reg. No. 3,876,674 on the USPTO's Principal Register.

4. That Plaintiff be awarded its damages and Defendant's profits attributable to Defendant's infringement of the TARTE Mark under 15 U.S.C. § 1117(a).

5. That Plaintiff be awarded three times the profits attributable to Defendant's infringement of the TARTE Mark under 15 U.S.C. § 1117(a).

6. That Plaintiff be awarded its reasonable attorneys' fees and costs of suit, under 15 U.S.C. § 1117(a) and any other applicable law.

7. That an accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Plaintiff, reflecting the value of Defendants' unjust enrichment gained through its acts complained of herein.

8. That Plaintiff be awarded prejudgment and post-judgment interest on any monetary award.

9. That the court grant Plaintiff such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable as of right.

Dated: October 6, 2017

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Jonathan C. Sandler*
Jonathan C. Sandler
*Attorneys for Plaintiff Tarte, Inc.*